UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-60964-SMITH/VALLE

SAMARIA WILLIAMS,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d) (the "Motion") (ECF No. 32), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

Upon the parties' agreement in the Joint Status Report (ECF No. 29), the District Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 29, 30, 31). Plaintiff now seeks an award of her attorneys' fees under the EAJA, and Defendant does not oppose the Motion. *See generally* (ECF No. 32).

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Here, based on the consent to remand, it is undisputed that Plaintiff is the prevailing party. (ECF No. 32 at 1). Further, Plaintiff argues (and Defendant does not dispute) that fees and expenses may be awarded where Defendant's position was not substantially justified,

and no special circumstances exist that would render a fee award unjust. *See Id.* at 2. Thus, the only issue is whether Plaintiff's requested attorneys' fees are reasonable.

## I.     ATTORNEYS' FEES

Plaintiff seeks an award of $5,192.40 in attorneys' fees. *Id.* at 1, 2-3, 6. The attorneys' fees result from 22.1 hours of work performed by attorney David B. Goetz at a rate of $234.95 during 2022-2023. *Id.* at 1, 6. Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328-PDB, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate at $214.29 for attorney work performed in 2021). Based on a review of the record, the undersigned finds that the attorneys' hourly rates are supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit. *Dewees*, 2022 WL 1406667, at *6.

Moreover, having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see id.* at 2-3, 4-5, the undersigned finds that Plaintiff's request for attorneys' fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same). As well, Defendant does not object to the requested hours.

Lastly, in the Motion, Plaintiff discloses that she has assigned to her attorney any fee award she may receive under the EAJA. (ECF Nos. 32 at 1, 32-1 at 1). Accordingly, once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States, the fees should be paid directly to counsel. *But see*, *Harrell v. Colvin*, No. 14-20513-BB (S.D. Fla. Apr. 10, 2015) (ECF No. 39) (discussing the split in the District regarding assignment of EAJA fees and concluding that fees should be paid directly to plaintiff).

## II.  RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF No. 32) be **GRANTED**. Plaintiff should be awarded **$5,192.40** in attorneys' fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

Lastly, given the unopposed nature of the Motion, the undersigned recommends that the District Judge forego any objection period to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing a 14-day objection period for Magistrate Judge's recommendation); *see also* S.D. Fla. Mag. R. 4(b) (providing a 14-day objection period for Magistrate Judge's recommendation unless a different period is prescribed by the Court).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on August 24, 2023.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    Counsel of Record